IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAMES T. BUNKLEY                                                         PLAINTIFF

vs.                          Civil No. 6:07-cv-06068

MICHAEL J. ASTRUE                                              DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

James T. Bunkley ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed an application for DIB on May 2, 2005. (Tr. 43). In this application and in other documents filed with the SSA, Plaintiff alleged he was disabled due to high blood pressure, problems from his colon surgery,[2] a heart condition, fibromyalgia, pain in his legs, prostate

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

[2] His colon surgery apparently resulted from his voluntary act of putting a foreign object up his rectum. (Tr. 80-91).

1

problems, sleep apnea, and pancreas problems. (Tr. 69-70). Plaintiff alleged an onset date of October 31, 2002. (Tr. 43). This application was initially denied on July 6, 2005 and was denied again on reconsideration on September 20, 2005. (Tr. 34-35).

On September 26, 2005, Plaintiff requested an administrative hearing on his application. (Tr. 32). The hearing was held on October 24, 2006 in Hot Springs, Arkansas. (Tr. 210-230). Plaintiff was present and was represented by counsel, Hans Pullen, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Mack Welch testified at this hearing. *See id.* On the date of this hearing, Plaintiff was sixty-five (65) years old, which is defined as a person of "advanced age" under 20 C.F.R. § 404.1563(e), and had received a B.A. in mathematics form Texas A&M University. (Tr. 213).

On April 20, 2007, the ALJ entered an unfavorable decision denying Plaintiff's request for DIB. (Tr. 12-19). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2007. (Tr. 14, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 31, 2002, his alleged onset date. (Tr. 14, Finding 2). The ALJ determined that Plaintiff had the severe impairments of diabetes mellitus, peripheral neuropathy, peripheral vascular disease, chronic contact dermatitis, a healed puncture wound to right foot, and hypertension but that he did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14, Findings 3-4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 14, Finding 5). At the administrative hearing, Plaintiff claimed he suffers from pain, cramps, and numbness in his hands, fingers, and feet due to his

neuropathy. (Tr. 216). Plaintiff claimed he has a difficult time urinating and has to urinate more often due to problems with his prostate. (Tr. 217-218). Plaintiff claimed he has to urinate hourly. (Tr. 217). Plaintiff claimed he suffers from angina[3] and that the medication he takes to treat this problem gives him pain in his chest and back and gives him headaches. (Tr. 218). Plaintiff claimed he has back pain in the small of his back which causes him trouble walking and standing. (Tr. 218-219).

The ALJ evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). (Tr. 16-18). After reviewing these requirements, the ALJ discounted Plaintiff's subjective complaints of disabling pain and other symptoms based upon several findings, including the following: (1) Plaintiff's medical records were not consistent with his subjective complaints; (2) Plaintiff's records indicated that had not suffered from any amputations or ulcers on his feet, despite his complaints regarding diabetes mellitus; (3) Plaintiff's records indicated that he did not suffer from motor, sensory, or reflex loss, despite his complaints of disabling back pain; (4) Plaintiff's records indicated that he was not taking any prescription pain medication, despite his complaints of disabling back pain[4]; (5) Plaintiff's records indicated that he had not received any treatment for his claimed prostate problem, despite his complaints that he suffered from prostate pain and needed to frequently urinate; and (6) Plaintiff was able to perform extensive daily activities, despite his complaints of disabling

---

[3] "Angina" is defined as a "severe, often constricting pain or sensation of pressure." *PDR Medical Dictionary* 85 (3rd ed. 2006).

[4] Plaintiff claims he did not receive treatment for his back pain because he did not have the money to pay for this medication. (Doc. No. 7, Page 11). Plaintiff, however, has not demonstrated a financial hardship or demonstrated that he sought or was denied medication or treatment because he could not afford it. *See Murphy v. Sullivan,* 953 F.2d 383, 386-87 (8th Cir. 1992) (requiring evidence that a claimant was able to obtain a Medicaid card, had attempted to obtain low-cost medical treatment, or had been denied care because of poverty).

3

limitations. (Tr. 16-18).

After discounting Plaintiff's subjective complaints, the ALJ then reviewed all the medical evidence and the hearing testimony and determined Plaintiff's RFC. (Tr. 14, Finding 5). Specifically, the ALJ determined Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry 10 pounds occasionally and 5 pounds frequently, stand and walk about 2 hours in an 8 hour workday, and sit for at least 6 hours in an 8 hour workday.

(Tr. 14, Finding 5). *See* 20 C.F.R. § 416.967.

The ALJ then determined Plaintiff retained the ability to perform his Past Relevant Work ("PRW") as a computer programmer. (Tr. 18, Finding 6). Plaintiff and the VE testified at the administrative hearing regarding this issue. (Tr. 212-230). Plaintiff's PRW included work as a computer programmer (skilled, sedentary). *See id.* Based upon this testimony regarding Plaintiff's PRW and based upon Plaintiff's RFC, the ALJ determined Plaintiff retained the ability to perform his PRW as a computer programer. (Tr. 18, Finding 6). The ALJ then determined that Plaintiff was not under a "disability," as defined by the Act, at any time from October 31, 2002 through the date of his decision or through April 20, 2007. (Tr. 18, Finding 7).

On April 27, 2007, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 7). *See* 20 C.F.R. § 404.984(b)(2). The Appeals Council declined to review this determination. (Tr. 4-6). On August 13, 2007, Plaintiff appealed the ALJ's decision to this Court. (Doc. No. 1). The parties consented to the jurisdiction of this Court on October 5, 2007. (Tr. 4). Both parties have filed appeal briefs, and this case is ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming the following: (A) the ALJ's disability determination is not supported by substantial evidence; (B) the ALJ erred by discrediting Plaintiff's subjective complaints; (C) the ALJ erred by finding Plaintiff's capacity for light work was not compromised by nonexertional limitations; and (D) the ALJ erred by concluding Plaintiff retained the RFC to perform his PRW. (Doc. No. 7, Pages 1-18). In response, Defendant argues that the ALJ properly assessed Plaintiff's impairments and RFC. (Doc. No. 8, Pages 3-5). Defendant argues that the ALJ properly analyzed Plaintiff's subjective complaints and discounted them for legally-sufficient reasons. *See id.* at 5-7. Finally, Defendant argues that the ALJ properly determined that Plaintiff could perform his PRW as a computer programmer. *See id.* at 7-9.

#### A. Substantial Evidence

Plaintiff argues that the ALJ's disability determination is not supported by substantial

evidence in the record. (Doc. No. 7, Pages 3-13). Specifically, Plaintiff argues that the ALJ erred in finding that his impairments did not meet the requirements of the Listings and that the ALJ erred in evaluating his RFC. *See id.*

In his appeal brief, Defendant did not address Plaintiff's argument regarding the Listings. (Doc. No. 8, Pages 1-9). Defendant, however, does argue that Plaintiff's RFC determination is supported by substantial evidence. *See id.* Defendant argues that Plaintiff's diabetes mellitus and high blood pressure are controlled with medication. *See id.* Defendant argues that despite his subjective complaints of disabling back pain, Plaintiff was not taking any prescription pain medication for his back pain. *See id.* at 4. Defendant argues that Plaintiff had been successfully treated for his foot wounds, which should have improved his ability to stand and walk. *See id.* Finally, Defendant argues that Plaintiff had not exhibited signs of congestive heart failure, coronary artery disease, or reversible ischemia, which indicated that Plaintiff was not disabled due to a heart condition. *See id.* at 4-5. This Court will address Plaintiff's arguments regarding the ALJ's Evaluation of the Listings and his RFC determination.

### (1) Evaluation of the Listings

Plaintiff claims the ALJ erred in finding that he did not meet the requirements of the Listings. (Doc. No. 7, Page 4). In his appeal brief, Plaintiff included all of his physical impairments and then claimed that these impairments meet the requirements of the Listings. *See id.* Plaintiff, however, did not specify in his appeal brief which specific Listing or Listings he meets. There are over a dozen body systems in the Listings that each contain a number of different medical disorders, and Plaintiff has not even indicated to this Court which of his body systems meets the requirements of the Listings.

Plaintiff has the burden of establishing that he meets the requirements of the Listings. *See Cox*, 160 F.3d at 1206. Since Plaintiff has not indicated to this Court which Listing or Listings he meets, Plaintiff has not met his burden, and this Court finds that Plaintiff has not established he meets the requirements of any of the Listings. *See id. See also Vandenboom v. Barnhart,* 412 F.3d 924, 928 (8th Cir. 2005) (rejecting "out of hand" the plaintiff's contention that the ALJ failed to consider whether he met Listings 12.02 or 12.05C because the plaintiff provided "no analysis of the relevant law or facts regarding these listings").

**(2) RFC Determination**

Plaintiff claims he is disabled due to a number of different impairments, including the following: a. diabetes (including peripheral neuropathy and peripheral vascular disease), b. heart problems, c. prostate problems, d. sleep apnea, and e. chronic pain.[5] (Doc. No. 7, Pages 5-13). This Court will address each of these claimed impairments.

**a. Diabetes**

Plaintiff claims he suffers from uncontrolled diabetes which causes him to also suffer from "many ulcerations to his legs and feet." (Doc. No. 7, Page 6). Plaintiff claims these foot wounds cause him pain and have been "treated multiple times at the Wound Clinic." *Id.* Plaintiff also claims that due to his diabetes, he suffers from painful neuropathy in both his hands and feet. *See id.* at 8. In response, Defendant claims that Plaintiff's medical records and testimony do not support his alleged disability due to his diabetes. (Doc. No. 8, Page 4). Specifically, Defendant notes that Plaintiff testified at the administrative hearing that his medications controlled his diabetes "fairly

---

[5] The ALJ also found Plaintiff suffered from the severe impairment of "chronic contact dermatitis." (Tr. 14, Finding 3). In his briefing, however, Plaintiff does not claim the ALJ erred in its evaluation of this severe impairment.

8

good." *See id.* Furthermore, Defendant also notes that Plaintiff's medical records indicate he was successfully treated for his foot wounds. *See id.*

Based upon a review of the transcript, this Court finds that Plaintiff is not disabled due to his diabetes. First, Plaintiff himself admitted at the administrative hearing that his medication treated his diabetes "fairly good," and Plaintiff does not appear to dispute the fact that his diabetes is well-controlled with medication. (Tr. 215). Second, the record indicates that Plaintiff received diminishing treatment for his foot wounds, which suggests that Plaintiff's condition was healed and was easily remediable with treatment and medication. (Doc. No. 7, Page 6) (Tr. 17, 194, 198, 201, 205). Third, as noted below, the ALJ's credibility determination is supported by substantial evidence, and the ALJ properly discounted Plaintiff's subjective complaints of disabling pain in his hands and feet due to his neuropathy.

### b. Heart Problems

Plaintiff claims he suffers from several different heart problems, including the following: "severe concentric left ventricular hypertrophy" (Tr. 189); "severe mitral annular calcification with 1-2+ mitral regurgitation" (Tr. 189); "enlarged heart" (Tr. 138); "ejection fraction reduced from 63% to 45%" (Tr. 169); "severe MR-CA 5.2" (Tr. 169); and "severe left atrial enlargement" (Tr. 189). (Doc. No. 7, Page 7). In his appeal brief, however, Plaintiff does not state which *specific* limitations he has as a result of this heart condition. *See id.* Plaintiff also does not argue that he meets the requirements of any specific Listing due to his heart condition. *See id.*

In response, Defendant argues that the results from Plaintiff's cardiac testing in June of 2001 and stress test in September of 2006 indicate that his heart condition is controlled with medication. (Doc. No. 8, Pages 4-5). Specifically, Defendant argues that Plaintiff's cardiac test from June of

9

2001 reflected "a normal ejection fraction of 65 percent with no evidence of congestive heart failure or coronary artery disease." *See id.* Defendant also argues that Plaintiff's stress test from September of 2006 was "found to be clinically negative, showing Plaintiff had normal ventricular function with an ejection fraction of 59 percent and no evidence of reversible ischemia." *See id.*

Based upon a review of the record, this Court finds that the ALJ's determination–that Plaintiff's heart condition is not disabling–is supported by substantial evidence and should be affirmed. First, Plaintiff has not provided any specific limitations that have resulted from his claimed heart impairment. (Doc. No. 7) (Tr. 210-230). Plaintiff has the burden of establishing his disability. *See Cox*, 160 F.3d at 1206. Because Plaintiff has not clearly articulated which limitations he has as a result of his heart problem, he has not met this burden. Second, in Plaintiff's most recent cardiac test, dated September 12, 2006, Plaintiff's physician noted that his stress test results were normal:

> This is felt to likely be a normal scan with some attenuation of the inferobasal segment secondary to body habitus. *He does not appear to have any hemodynamically significant coronary artery disease and is an excellent candidate for long-term risk factor modification and medical therapy.*

(Tr. 185) (emphasis added). Third, Plaintiff's medical records indicate that Plaintiff sought and received very inconsistent treatment for his heart problems. (Tr. 80-209). Even though he was treated for his heart problems in 2001, the record establishes that he did not seek follow-up treatment until 2004. *See Dukes v. Barnhart,* 436 F.3d 923, 928 (8th Cir. 2006) (holding that the claimant's failure to seek consistent medical treatment weighed against his or her credibility). Furthermore, even while he was receiving treatment for his high blood pressure and heart problems, he denied chest pain or an increase in shortness of breath. (Tr. 166-167). Fourth, despite his complaints that he is disabled due to heat problems, Plaintiff's records indicate that his high blood pressure is

relatively well-controlled with medication. (Tr. 216) (noting the recent increase in dosage of Plaintiff's blood pressure medication). At the very least, Plaintiff has not established, through his medical records or otherwise, that his blood pressure medication *does not control* his high blood pressure. Plaintiff has the burden of establishing the restrictions on his RFC. *See Cox*, 160 F.3d at 1206. Because Plaintiff has not met his burden, and based upon the other evidence outlined above, this Court finds the ALJ's determination regarding Plaintiff's heart problems is supported by substantial evidence in the record and should be affirmed.

### c. Prostate Problems

Plaintiff claims he suffers from an enlarged prostate, which causes him to take excessive and time-consuming bathroom breaks. (Doc. No. 7, Pages 8-10). Specifically, Plaintiff claims he was required to take hourly bathroom breaks that lasted anywhere from ten to twenty minutes each. *See id.* In response, Defendant argues that despite his complaints, Plaintiff had presented no objective medical evidence of any significant prostate problems. (Doc. No. 8, Page 6). Defendant argues that there is no evidence Plaintiff ever reported or sought treatment for these prostate problems. *See id.* Defendant also argues that Plaintiff has undergone several physical examinations, and none of those revealed evidence of any severe prostate problems. *See id.*

Based upon a review of the transcript, this Court finds that the ALJ properly determined Plaintiff is not disabled due to an enlarged prostate. As noted by Defendant, Plaintiff apparently never reported or received treatment for an enlarged prostate. Plaintiff has presented no medical evidence establishing that he suffers from an enlarged prostate. Without this evidence, Plaintiff cannot meet his burden of establishing that he is disabled due to an enlarged prostate. *See Cox*, 160 F.3d at 1206.

### d. Sleep Apnea

Plaintiff claims that he is disabled because he suffers from severe sleep apnea, and he claims the ALJ erred when he found Plaintiff was not disabled due to this limitation. (Doc. No. 7, Page 10). Specifically, Plaintiff claims, the "record shows [t]hat despite Plaintiff's CPAP machine, he still has very severe obstructive sleep apnea with hypoxemia." *See id.* In his appeal brief, Defendant did not respond to this argument.

Based upon a review of the record, this Court finds that the ALJ did not err when he found Plaintiff was not disabled due to his sleep apnea. Plaintiff has not offered any evidence in support of his claim that he is disabled due to sleep apnea.[6] The records that are contained in the transcript indicate that Plaintiff is not disabled due to his sleep apnea. (Tr. 93-103, 115-119, 178-180, 192-193). For instance, on January 18, 2001, Dr. Margaret E. Mike, M.D. reported that Plaintiff was being successfully treated with a CPAP machine and was able to sleep a total of six and one-half hours a night. (Tr. 93-98).

It also appears that Plaintiff was scheduled for surgery to treat his sleep apnea in July of 2001, but the surgery was cancelled due to Plaintiff's noncompliance with his doctor's directions. (Tr. 112-119). Furthermore, Plaintiff claims he still suffers from sleep apnea, and his CPAP machine could not adequately treat his problems. (Doc. No. 7, Page 10). However, Dr. Fred M. Heinemann, M.D. reported on September 5, 2006 that Plaintiff had a history of sleep apnea and was on a CPAP machine at bedtime. (Tr. 167). Plaintiff apparently did not report to Dr. Heinemann that he was unable to sleep, even with his CPAP machine or that he was having any additional problems related

---

[6] In his appeal brief, Plaintiff only cited to one record in support of his claim that he is disabled due to sleep apnea. (Doc. No. 7, Page 10). The cited transcript page (Tr. 198) relates to Plaintiff's wound care, not to his sleep apnea.

to his sleep apnea. *See id.*

### e. Chronic Pain

Plaintiff claims he is disabled due to his chronic pain. Based upon a review of the record, this Court finds that the ALJ did not err when he found Plaintiff was not disabled due to chronic pain. This issue is more fully addressed under the "Credibility Determination" heading below.

### B. Credibility Determination

Plaintiff claims the ALJ erred by failing to give consideration to all of Plaintiff's subjective complaints regarding his ability to perform a wide range of light work.[7] (Doc. No. 7, Pages 13-14). In response, Defendant claims the ALJ properly analyzed Plaintiff's subjective complaints pursuant to the *Polaski* factors and discounted them for legally-sufficient reasons. (Doc. No. 8, Pages 5-7).

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[8] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines

---

[7] There is some disagreement as to whether light work requires prolonged walking or standing. (Doc. No. 7, Pages 13-14) (Doc. No. 8, Page 5). This issue, however, is not relevant to the ALJ's credibility determination.

[8] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ evaluated the *Polaski* factors in his opinion and discounted Plaintiff's subjective complaints for legally-sufficient reasons. (Tr. 12-19). Specifically, the ALJ evaluated the nature, location, onset, duration, frequency, radiation, and intensity of Plaintiff's pain; the precipitating and aggravating factors for his pain; the type, dosage, effectiveness and any alleged adverse side effects of his pain medication; his treatment for pain other than medication; his functional restrictions; and his restrictions on daily living. (Tr. 16-17).

After reviewing those factors, the ALJ noted the following inconsistencies in the record: (1) Plaintiff's medical records were not consistent with his subjective complaints; (2) Plaintiff's records

14

indicated that he had not suffered from any amputations or ulcers on his feet, despite his complaints regarding diabetes mellitus; (3) Plaintiff's records indicated that he did not suffer from motor, sensory, or reflex loss, despite his complaints of disabling back pain; (4) Plaintiff's records indicated that he was not taking any prescription pain medication, despite his complaints of disabling back pain; (5) Plaintiff's records indicated that he had received no treatment for his claimed prostate problem, despite his complaints that he suffered from prostate pain and the need to frequently urinate; and (6) Plaintiff was able to perform extensive daily activities, despite his complaints of disabling limitations.[9] (Tr. 16-18). These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72.

### C. Nonexertional Limitations

Plaintiff claims the "ALJ erred in discrediting . . . [his] . . . limitations." (Doc. No. 7, Pages 15-16). With this argument, Plaintiff claims the ALJ erred by applying the Medical-Vocational Guidelines ("Grids") in this case. *See id.* However, the ALJ did not even apply the Grids in this case. (Tr. 12-19). Instead, the ALJ determined Plaintiff was not disabled at Step Four of the Analysis. *See id.* Therefore, this argument is without merit.

### D. PRW Determination

Plaintiff claims the ALJ erred by concluding Plaintiff retained the RFC to perform his PRW. (Doc. No. 7, Pages 16-18). In his briefing, however, Plaintiff's argument header does not match his briefing. Instead of arguing that the ALJ erred in determining Plaintiff could perform his PRW, Plaintiff argues again that the ALJ erred in evaluating his subjective complaints. *See id.* This

---

[9] These daily activities include volunteering by doing computer work at a hospital for 8 to 12 hours a week. (Tr. 220-221).

argument has already been addressed by this Court and will not be addressed again. *See* Discussion, *supra.*

Furthermore, based upon a review of the transcript, this Court finds the ALJ properly determined Plaintiff retained the RFC to perform his PRW as a computer programmer. (Tr. 18, Finding 6). As noted above, the ALJ's RFC determination that Plaintiff retained the ability to perform a wide range of light work, and his evaluation of Plaintiff's claimed impairments, are supported by substantial evidence in the record. The ALJ heard testimony from the VE regarding Plaintiff's PRW and determined that Plaintiff's PRW included work as a computer programmer, which was only sedentary work. (Tr. 223). The ALJ then determined Plaintiff's RFC for a wide range light work did not preclude him in his ability to perform his PRW as a computer programmer. (Tr. 18, Finding 6). This finding is supported by the VE's testimony and the ALJ's RFC determination and is supported by substantial evidence. Plaintiff has the burden of establishing that he is unable to perform his PRW as a computer programer. *See Cox*, 160 F.3d at 1206. Plaintiff has not met his burden, and this Court finds that the ALJ's disability determination should be affirmed.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **19th day of August, 2008.**

                                                     /s/   Barry A. Bryant
                                                   HON. BARRY A. BRYANT
                                                   U.S. MAGISTRATE JUDGE